IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

VIVECA HUDSON,                         Case No.:

    Plaintiff,

v.

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, VIVECA HUDSON, (hereinafter "MRS. HUDSON" or "PLAINTIFF"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, Files this Civil Action against Defendant, UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, (hereinafter "UCF" or "DEFENDANT"), and in support avers as follows:

### INTRODUCTION

1. This is an action by the Plaintiff, Mrs. Hudson, for declaratory and injunctive relief and damages under 42 U.S.C. §1981, ("Civil Rights Act of 1866"), to redress injury done to her by the Defendant's discriminatory treatment on the basis of Race and Color.

2. This is an action for damages in excess of One Hundred Thousand Dollars ($50,000.00), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

### JURISDICTION PARTIES AND VENUE

1

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 ("Civil Rights Act of 1866").

4. Plaintiff was and continues to be, a resident of Seminole County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Orange County, Florida.

5. At all times relevant, Plaintiff was employed by Defendant and the parties had a contractual relationship with each other.

6. Venue is proper in Orange County, Florida, pursuant to Fla. Stat. Section 47.011, and Section 47.051, because all of the actions complained of herein occurred within the jurisdiction of the Ninth Judicial Circuit, In and for Orange County, Florida.

7. Plaintiff is a Black female individual and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C. §1981.

8. Defendant is authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

9. Plaintiff worked for the Defendant during 2021, 2022, and moving forward in time, as a Business Manager 1, within the SDES/DHRL department.

10. Plaintiff was exposed to discriminatory treatment during her employment with the Defendant, which included complaints about Plaintiff discussing her hair as "nappy" with other individuals.

11. At another point in time the Plaintiff requested to work from home during the heights of the Covid Pandemic, and while her White co-workers were allowed to work from home or to take on a hybrid schedule, the Plaintiff was disallowed from this request.

2

12. Plaintiff was treated differently because of her Race and Color; Black.

13. Plaintiff at all times was at all times material a qualified employee, and did complete all necessary and essential duties and responsibilities of his position.

14. After Plaintiff made several complaints to the Defendant's Office of Institutional Equity, the Defendant commenced a campaign of fabricating pretext to terminate Plaintiff.

15. Plaintiff had the terms and conditions of her employment affected, and because of her Race and Color.

## COUNT I
### *DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this Complaint as if set out in full herein.

17. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

18. At all times material hereto, Plaintiff, was an "employee" within the meaning of 42 U.S.C. §1981.

19. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

20. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

21. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

22. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon her race.

3

23. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

24. Plaintiff was replaced by another person outside of her protected class thereafter.

25. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

26. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

27. The actions of the Defendant were based upon the Plaintiff being a black individual. The Defendant subjected the Plaintiff to race based animosity.

28. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

29. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff.  The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black individuals.

30. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

31. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

33. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected.

34. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

35. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

37. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

   WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

    B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C.  Award Plaintiff as to this count prejudgment interest; and

    D.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    F.  Plaintiff demands a trial by jury.

## COUNT II
### DISCRIMINATION BASED ON COLOR IN VIOLATION OF 42 U.S.C. § 1981

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 of this Complaint as if set out in full herein.

39. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

40. At all times material hereto, Plaintiff, was an "employee" within the meaning of 42 U.S.C. §1981.

41. The Plaintiff had been employed by Defendant since on or about 2012012 as a Business Manager 1 Assistant Director for Accounts Receivable. My employment ended on or about April 3, 2022.

42. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

6

43. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

44. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

45. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon her Color.

46. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her Color.

47. Plaintiff was replaced by another person outside of her protected class thereafter.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant, and its supervisory personnel were aware that discrimination on the basis of Color was unlawful but acted in reckless disregard of the law.

49. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

50. The actions of the Defendant were based upon the Plaintiff's Color, being a Black individual. The Defendant subjected the Plaintiff to Color based animosity.

51. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

52. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff.  The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments.

53. The discrimination was based upon the Plaintiff's Color, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

54. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

55. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

56. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work-place became hostile.

57. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

58. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

60. The Plaintiff has retained undersigned counsel to prosecute her claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C. Award Plaintiff as to this count prejudgment interest; and

    D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    F. Plaintiff demands a trial by jury.

### COUNT III
### *RETALIATION IN VIOLATION OF 42 U.S.C. §1981*

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this Complaint as if set out in full herein.

62. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rightsprotected under § 1981. But for Plaintiff's Race Defendant would not have terminated Plaintiff. But for Plaintiff's Color, Defendant would not have terminated Plaintiff.

9

63. But for Plaintiff's complaints of discrimination and opposition to the treatment she would not have been terminated.

64. The Plaintiff engaged in multiple statutorily protected activities, (e.g. Plaintiff on more than one occasion objected to and opposed discriminatory treatment, rejected Defendant's coercion in forcing Plaintiff to sign a separation agreement, opposed his termination, and complained of being attacked by White co-workers.)

65. Plaintiff's termination constitutes an adverse employment action.

66. There is a causal connection between Plaintiff's multiple protected expressions/activities, and the suffered adverse employment action, Plaintiff's termination on or about April 3, 2022.

67. The Defendant and agents thereof, retaliated against the Plaintiff by firing the Plaintiff as a result of the Plaintiff engaging in protected activities.

68. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Race and Color was unlawful but acted in reckless disregard of the law.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been (1) deprived of rights, (2) exposed to ridicule and embarrassment, and (3) has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

71. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

Dated: April 23, 2023

Respectfully submitted,

*/s/ Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 533637
agp@rgph.law
**REMER, GEORGES-PIERRE**
**& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Phone: (305) 416-5000
*Attorney for Plaintiff*