UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VIVECA HUDSON,

    Plaintiff,

v.                                        Case No: 6:24-cv-1886-JSS-LHP

UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

Defendant, the University of Central Florida Board of Trustees, moves to dismiss Plaintiff's amended complaint (Dkt. 10) with prejudice. (Dkt. 12.) Plaintiff, Viveca Hudson, has not responded in opposition to this motion, and the time to do so has passed. *See* M.D. Fla. R. 3.01(c). Upon consideration, for the reasons outlined below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff initiated this lawsuit against Defendant in Florida state court on April 23, 2024, raising claims of discrimination and retaliation under 42 U.S.C. § 1981 and seeking monetary damages. (Dkt. 1-1.) Defendant was served with the initial complaint on October 2, 2024, and timely removed the lawsuit to this court on October 22, 2024. (Dkt. 1.) Plaintiff subsequently filed an amended complaint clarifying that her claims are brought pursuant to 42 U.S.C. § 1983. (*See* Dkt. 10 at 1.) Defendant

then filed the instant motion to dismiss Plaintiff's amended complaint with prejudice, mainly arguing that Defendant is not a "person" subject to suit under section 1983. (Dkt. 12 at 6–7.)  Plaintiff did not file a response to the motion but instead filed a proposed second amended complaint substituting Defendant with thirteen individual members of Defendant.  (Dkt. 16.)  Because Plaintiff did not obtain Defendant's written consent or the court's leave to amend, the court struck the proposed second amended complaint for failure to comply with Federal Rule of Civil Procedure 15(a). (*See* Dkt. 17 ("Because Plaintiff has already amended her complaint once as a matter of course under Rule 15(a)(1), she may amend her pleadings only with the opposing party's written consent or the court's leave.").)  Accordingly, the amended complaint remains the operative pleading in this action, and Defendant's motion to dismiss that complaint is unopposed.

## APPLICABLE STANDARDS

In deciding a motion to dismiss a complaint for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

Plaintiff alleges that she was discriminated and retaliated against during her employment with the University of Central Florida. (*See* Dkt. 10.) Plaintiff brings her claims as violations of section 1981, through section 1983. (*See id.* at 1 ("This is an action to remedy unlawful employment practices and civil rights violations brought pursuant to . . . 42 U.S.C. § 1981 . . . through 42 U.S.C. § 1983 . . . .").) *See Langston v. Lookout Mountain Cmty. Servs.*, 775 F. App'x 991, 995 (11th Cir. 2019) ("[Section] 1983 provides the exclusive damages remedy for violations of [section] 1981 by a local government actor; [section] 1981 creates rights but provides no independent federal cause of action for a damages remedy when a government actor is the alleged wrongdoer." (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989))).

"A successful section 1983 action requires a showing that the conduct complained of . . . was committed by a person acting under color of state law . . . ." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *accord West v. Atkins*, 487 U.S. 42, 48 (1988). "States and state officials acting in their official capacities cannot be sued for money damages under [section] 1983 because they are not considered to be 'persons' for the purposes of the statute." *Carr v. Bd. of Regents Univ. Sys. of Ga.*, 249 F. App'x 146, 148 (11th Cir. 2007); *see Lapides v. Bd. of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) ("[A] [s]tate is not a 'person' against whom a [section] 1983 claim for money damages might be asserted.").

Defendant is a state entity. *See* Fla. Stat. § 1000.21(9)(g) (designating the

University of Central Florida as a state university); Fla. Stat. § 1001.72(1) ("Each board of trustees shall be a public body corporate by the name of 'The (name of university) Board of Trustees,' with all the powers of a body corporate . . . ."); *see also Debose v. Univ. of S. Fla.*, 178 F. Supp. 3d 1258, 1267 (M.D. Fla. 2016) (determining that the University of South Florida's Board of Trustees was a state agency or instrumentality and thus entitled to Eleventh Amendment immunity). Indeed, Plaintiff sues Defendant in its capacity as a "state university" that was her "employer," claiming that she was unlawfully terminated from her position with Defendant. (Dkt. 10 at 2, 5–13.) Because Plaintiff has not filed a timely response in opposition to Defendant's motion to dismiss, she has failed to raise any argument against dismissal, and her attempt to amend her pleading to name Defendant's individual members in Defendant's place indicates that she is aware of the deficiency highlighted by Defendant. (*See* Dkt. 16.) As a state entity, Defendant is not subject to suit under section 1983 for monetary damages.[1] *See Carr*, 249 F. App'x at 148 ("Because the Board [of Regents of the University System of Georgia] is undeniably a state entity that was acting in its official capacity, . . . [it] is not a 'person' under the statute."); *Cardwell v. Auburn Univ. Montgomery*, 941 F. Supp. 2d 1322, 1329 (M.D. Ala. 2013) (determining that Auburn University was "an arm of the State of Alabama" and thus "a [section] 1981 claim c[ould ]not be brought against [Auburn] because [it] [wa]s not

---

[1] While Plaintiff cursorily notes in her complaint that she "seeks equitable relief" in addition to damages, and specifically references "reinstatement," her claims for relief under each of her counts are limited to monetary damages. (Dkt. 10 at 1, 8, 11, 13.)

a 'person' subject to suit under [section] 1983").

Because the court agrees with Defendant that Plaintiff may not sue it under section 1983 for monetary damages, the court dismisses the amended complaint on that basis and does not reach Defendant's alternative arguments for dismissal. Defendant asserts that dismissal "with prejudice is proper as Plaintiff continues to bring her [s]ection 1983 claim improperly against a corporate entity." (Dkt. 12 at 22.) However, because a more carefully drafted complaint against other defendants, under other statutes, or for other relief could state a claim, dismissal is without prejudice and Plaintiff is granted leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading before trial] when justice so requires."); *see also Cardwell*, 941 F. Supp. 2d at 1329 & n.5 (determining that the defendant, a state entity, could not be sued under section 1983 because it was not a "person" and because it was entitled to sovereign immunity, but that these bars did not apply to the plaintiff's Title VII claims); *Toney v. Alabama*, 784 F. Supp. 1542, 1544–45, 1549 (M.D. Ala. 1992) (determining that, while a state is not a "person" subject to suit under section 1983, a state is subject to suit under Title VII).

## CONCLUSION

Accordingly:

1. Defendant's motion (Dkt. 12) is **GRANTED in part and DENIED in part** in that Plaintiff's amended complaint (Dkt. 10) is **DISMISSED without prejudice**.

2. Plaintiff may file a second amended complaint on or before April 18, 2025.

**ORDERED** in Orlando, Florida, on April 3, 2025.

                                                    JULIE S. SNEED
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record